WISCONSIN GAS & ELECTRIC COMPANY, Appellant, vs. RAILROAD COMMISSION OF WISCONSIN, Respondent.

*September 11—October 8, 1929.*

For the appellant there was a brief by *Shaw, Muskat & Sullivan* of Milwaukee, and oral argument by *James D. Shaw.*

For the respondent there was a brief by the *Attorney General* and *Suel O. Arnold,* assistant attorney general, and oral argument by *Mr. Arnold.*

ROSENBERRY, C. J. The sole question presented here is whether the Railroad Commission of Wisconsin had jurisdiction to enter the order of July 21, 1928. The statute

under which the proceeding was begun was ch. 608 of the Laws of 1915, now sec. 195.19, sub. (3), Stats.:

"Whenever the commission shall have ordered or shall hereafter order a separation of the grade of a railway from the grade of a street or highway it may, if safe and practicable, and if a necessity exists therefor, order the alteration, restoration and connection of any track serving an industry or industries. Demand for such restoration shall be in writing and filed with the commission within ninety days after the date of the order for the separation of grades or the taking effect of this act, and any such track for which no such demand shall have been made shall be deemed abandoned. If the commission shall order the alteration, restoration and connection of any such track, it shall by its order apportion the cost thereof between the person or persons owning the industry or industries served by such track and the railway company, in such proportion as to the commission may seem just and equitable; and the commission shall in its order prescribe the terms and conditions for securing the payment of such cost. . . ."

It seems almost too plain for argument that the jurisdiction of the Railroad Commission to apportion the cost is incidental to the power conferred upon it to require the restoration of the track. Under the facts in this case no issue as to the restoration of the spur track existed at the time of the hearing upon the petition. The Chicago & Northwestern Railway Company had voluntarily restored the track at its own cost and expense. Manifestly the commission could not order the railway company to do something it had already done. Its power to award compensation is by the very language of the statute incidental to its power to require the railway company to do the work of restoration. The statute vests the Railroad Commission with no broad equitable powers such as the commission sought to exercise. It said:

"Since the Chicago & Northwestern Railway Company, in the execution of its work of grade separation at Main street and knowing of the filing of this petition, proceeded to make such restoration in such a manner as not to interrupt the service to and from petitioner's industry track, this com-

mission does not feel that it would be equitable to permit the original petition to be withdrawn at this time."

Under the law the railway company could have stood upon its rights and refused to restore the spur track unless ordered to do so by the commission. It waived that right and proceeded to do the work. Certainly under the statute the Railroad Commission had no jurisdiction to award the railway company compensation, and the request of the petitioner to withdraw the petition should have been granted.

*By the Court.*—Judgment appealed from is reversed, with directions to dismiss the proceeding.